JESSICA ANNE MARIE FOUST,
#17179507
777 Stanton Blvd.
Ontario, OR 97914
Plaintiff, *pro se*

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF OREGON
PORTLAND DIVISION

| | | |
|---|---|---|
| Jessica Foust, on behalf of herself and other similarly situated persons | ) | CASE NO.   2:26-cv-01623-AP |
| | ) | |
| Plaintiff, | ) | Motion for a temporary restraining order and preliminary injunction |
| v. | ) | |
| | ) | |
| Defendants, | ) | FRCP 65 |
| The State Of Oregon / Tina kotek | ) | |
| the Oregon Department of Corrections- | ) | |
| Mike Reese; SRCI superintendent- | ) | |
| Woodland ;Assistant superintendent- | ) | |
| John Doe; Et al,. all sued in their | ) | |
| and individual official capacity | ) | |

Comes now the plaintiff in the above intitled case and seeks that this court grant the plaintiff a temporary restraining order and preliminary injunction.

Plaintiff is held under the defendant's custody, and has continued to face deliberate and or negligent treatment that has created a hindrance in the plaintiff's ability to properly represent herself.

The plaintiff is faced with institutional time constraints, such as lockdowns, that hinder the plaintiff from attending the law library.

The plaintiff also has a disability with her hands that prevents her from being able to properly type without subjecting her to pain and suffering.

The plaintiff has sought that the defendant Woodland and his employee the ADA coordinator provide the plaintiff with a laptop as is provided to other similarly situated

disabled person's that has a voice recognition typing capability to assist the plaintiff with her disability so that she can properly seek reprieve from the courts, and not have to be subjected to pain and suffering from her disability as a result, but at all times the plaintiffs' requests have gone ignored.

The defendants' employees, actors and agents have continued to act in ways that not only causes the plaintiff delays before the courts, and hinders her access to the court, but has subjected her to suffering from her disability. The plaintiff struggles in pain typing, and the prisons ADA coordinator refuses to respond to the plaintiffs' requests for ADA assistance and the plaintiff believes this is being done with intent by direct order from Joe Woodland, and or his employees, contractors, actors or agents.

The plaintiff is further subjected to hindrances by the institution, that are done with intent, or disregard that disrupts the plaintiff's ability to access the courts by placing her on callouts that interfere with her time in the law library, which is approximately a maximum of 8 hours a week to research, type responses, file motions, and do all that is necessary to seek justice from the courts as is the plaintiff's constitutional right.

The defendants' actors, agents, contractors, and employees are acting to schedule the plaintiff with conflicting callouts. These callouts are created as a written order for a prisoner to attend such as; meetings with mental health providers, medical staff, and gives AIC's authorization to attend callouts such as the law library. Often the plaintiff is intentionally or with disregard scheduled for law library at the same time as other callouts, and the plaintiff is not allowed to choose law library over other callouts creating a hindrance upon the plaintiff to have adequate time to work on all of her case's and effectively denies the plaintiff access to the courts.

The plaintiff already has several other active cases 1, in the court of appeals, 2, in the States County courts, and 2, in the United States District Court with soon to be more.

The plaintiff is acting primarily as a pro se litigant, and as such the plaintiff is being subjected to limitations that hinder her ability to properly seek reprieve from the courts, and violate her rights as a disabled person.

The plaintiff is supposed to have the same rights as the opposing counsel, and its defendants, but it cannot be fair or just to the plaintiff when the opposing counsel is given limitless resources, countless hours with assistance from other counsel members and para legals, and legal assistants, as well as legal advisors and an endless budget, that allows for expert witnesses and investigations, access to several legal resources, as well as having access to the plaintiffs work product, research, and personal attorney client files.

The plaintiff is hindered by the defendants in this case, and is further having her attorney client privileges infringed upon. If the plaintiff is pro se, she is her own counsel, if she is her own counsel, while pro se, she is her own client, this must then establish attorney client privilege and the defendants have no right to view her legal productions, or her attorney client file without first seeking a production of these documents.

When the ODOC and Joe Woodland and or Joe Woodlands staff, actors or agents or employees have actively cloned the plaintiffs cloud file, and or are taking records of all of the plaintiff's legal work, and progress as well as research, and providing it to the Oregon Department of Justice in the attempts to have an upper hand against the plaintiff they are violating the plaintiffs' attorney client privilege, and have created an adversarial process.

 By taking copies of the plaintiff's legal files, legal work, reading her research, and acting upon the plaintiffs work product to try and gain an advantage, the plaintiff is placed in an adversarial process that disadvantages her because she does not have the same access to the defendants' files, this cannot be seen as fair, just, or proper.

The plaintiff has the right to seek reprieve from the courts, but the plaintiff has also faced tampering with her files.

Plaintiff has evidence that there has been downloads of the plaintiffs' files, where ODOC/ mike Reese, SRCI/ joe woodland and or their actors, agents, employees, and or contractors have created files, within the plaintiffs' legal files, that the plaintiff cannot access, and the plaintiff asserts that if the ODOC/ Mike Reese, and SRCI/ Joe Woodland and their actors, agents, and employees and or contractors are actively

entering the plaintiffs' legal files, and downloading them, they are infringing upon the plaintiffs' attorney client privilege and violating her equal rights protection under the 14th amendment as well as her liberty interest, and attorney client privilege.

The defendants will argue that they have a penological justification for viewing Ms. Foust's legal files and legal production, but the plaintiff will argue they do not have the right to do so outside of the plaintiff's presence. This is no different than reading a prisoner's legal mail or legal paperwork. Prison officials may scan over legal documents, to ensure that they are legal documents, but when they are actively downloading clearly active case files, or legal production that is leading up to a filing of a case, or is just clearly legal work product, and research they are moving outside the scope of their duty and violating the plaintiffs right to privacy in regards to attorney client privilege, and infringing upon the plaintiffs constitutional rights because the plaintiff has a liberty interest to not have her legal files and documents viewed by, copied by, and used against her by the defendants and its counsel.

As such the plaintiff seeks the following relief:

1. that this court order the defendants to provide the plaintiff with an ADA laptop, with access to Westlaw as is provided to other similarly situated persons who are ADA, that is not uploaded to the cloud-based system so that the defendants can't continue to access her work product, legal files and research;

2. order the defendants and their actors, staff, agents, employees, and or contractors to stop cloning and or taking copies of the plaintiffs work production;

3. Order the defendants and their counsel to hand over all copies of the plaintiffs work product, research, records, and anything else that they have taken copies of from the plaintiff's legal records that are on the cloud-based system and any record otherwise that was copied by the defendants.

4.  Order the ODOC and Mike Reese to fit all of his prisons, and prison facilities with proper air filtration that can filter smoke to protect the plaintiff and other similarly situated persons;

5.  Provide the plaintiff with proper medical treatment to fix the damage done to her lungs and any other treatment that might arise later in life from this toxic exposure such as but not limited to cancer;

6.  Anything else this court deems as just and proper to protect the plaintiff;

The plaintiff makes this request for this TRO and preliminary injunction in good faith, and has no ill intentions in making this request of the courts. Plaintiff is only seeking just relief that she believes she is entitled too.

Dated this July 30, 2026.                    Signature_____

Jessica Foust #17179507
777 Stanton Blvd.
Ontario, OR 97914