UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JESSICA ANNE MARIE FOUST,

Plaintiff,

v.

THE STATE OF OREGON/TINA KOTEK; THE OREGON DEPARTMENT OF CORRECTIONS-MIKE REESE; SRCI SUPERINTENDENT WOODLAND; ASSISTANT SUPERINTENDENT-JOHN DOE,

Defendants.

Case No. 2:26-cv-01623-AP

**ORDER**

---

AIKEN, District Judge.

Plaintiff, a self-represented adult in custody (AIC) at the Snake River Correctional Institution (SRCI), filed suit under 42 U.S.C. § 1983 alleging that Defendants are exhibiting deliberate indifference to her health by failing to properly ventilate SRCI and protect AICs from

exposure to wildfire smoke. Plaintiff also moved for a temporary restraining order (TRO) and preliminary injunction, and those motions remain pending.

Plaintiff now moves to voluntarily dismiss this action without prejudice "to refile at a later date while allowing her TRO to proceed." Pl.'s Mot. to Dismiss at 1 (ECF No. 13). Plaintiff explains that she "meant to only file her TRO and not her 1983 [action], but she did so all at the same time not realizing the error she was making." *Id.* Plaintiff's motions have been referred to the undersigned for resolution.

Plaintiff may dismiss this action without leave of Court because Defendants have not been served and have not filed an Answer. *See* Fed. R. Civ. P. 41(a)(1)(A). However, Plaintiff's motions for preliminary injunctive relief, including the motion for TRO, cannot proceed without an accompanying cause of action. In federal court, a TRO or a preliminary injunction is temporary relief the Court may grant while an underlying case is pending; it is not a stand-alone cause of action. *See* Fed. R. Civ. P. 65(a),(b)(2). Accordingly, Plaintiff's motion for TRO cannot proceed without a related underlying cause of action.

Moreover, Plaintiff fails to show that she is entitled to preliminary injunctive relief. Plaintiff seeks a TRO or preliminary injunction requiring SRCI officials to provide her with an "ADA laptop, with access to Westlaw as is provided to other similarly situated persons who are ADA, that is not uploaded to the cloud-based system." Pl.'s Motion for TRO at 7 (ECF Nos. 4, 10). Plaintiff also seeks to compel Defendants to provide her with a portable oxygen machine and to "fit all of the prisons and prison facilities with proper air filtration" of wildfire smoke. *Id.*; Pl.'s Mot. for Immediate Injunctive Relief at 2 (ECF No. 5).

To obtain preliminary injunctive relief, Plaintiff must show that she "is likely to succeed on the merits" and "suffer irreparable harm in the absence of preliminary relief," and that "the balance of equities tips" in her favor and "an injunction is in the public interest." *Winter v.*

*Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). Plaintiff fails to establish these elements.

In this action, Plaintiff alleges only claims of deliberate indifference arising from Defendants' alleged failure to address health hazards from wildfire smoke and seeks an order compelling Defendants to "install proper AQI smoke air filtration into the central air systems." Compl. at 14. Plaintiff's Complaint does not allege claims regarding her disabilities or her need for a specific laptop or internet access that is not "uploaded to the cloud-based system." Thus, Plaintiff cannot show a likelihood of success on the merits regarding her request for an "ADA laptop" because she does not allege related claims in her Complaint.

Plaintiff also fails to present any evidence supporting her request for a prison-wide infiltration system to combat wildfire smoke. Plaintiff submits no medical records or other evidence showing that her health conditions are particularly susceptible to wildfire smoke, and the relief she seeks—a prison-wide infiltration system—would require an expenditure of time and resources that is not appropriate for preliminary relief. A preliminary injunction is typically entered to preserve the status quo, and Plaintiff seeks a mandatory injunction requiring Defendants to act. "A mandatory preliminary injunction, unlike a prohibitory one, does not serve to preserve the status quo pending resolution of the merits but instead compels the nonmoving party to take affirmative action." *San Luis Obispo Coastkeeper v. Cnty. of San Luis Obispo*, 161 F.4th 590, 597 (9th Cir. 2025). Mandatory injunctions are particularly disfavored and subject to heightened scrutiny. *Id.* Because Plaintiff submits no evidence to support her motions, she fails to show that "the facts and law clearly favor" a mandatory injunction. *Id.*

Given the lack of evidence to support her request for preliminary injunctive relief, Plaintiff also fails to show that the balance of equities tips in her favor or that an injunction serves the public interest.

**CONCLUSION**

Plaintiff's Motions for Temporary Restraining Order and Injunctive Relief (ECF Nos. 4, 5, 10) are DENIED. Plaintiff's Motion to Dismiss (ECF No. 13) is GRANTED, and this action is DISMISSED without prejudice to refile at a later date.

IT IS SO ORDERED.

DATED this 5th day of October, 2026.

/s/Ann Aiken
ANN AIKEN
United States District Judge